Ouria. per

O’Neall, J.
The 4th rulé of co.urt provides that “ a copy of .'every deed, bond, or open account, or other writing, declared on, shall be filed in the clerk’s office, at the.time of filing the declaration,, and the defendant or his attorney shall have oyer of the original, if he'think proper to demand it, before he shall be required to file his plea ; but this demand must be made before the rule to plead expires.” In construing the words “ open account,” I should, if the subject was not touched by authority, have held that it meant an account appearing by, and to be proved by original entries; then a copy could and should be filed. In all other cases of accounts, depending upon, and to be proved by the memory of witnesses, there is nothing of which a copy can be filed. In Smyth vs. Lehre, 1 Con. Rep. by Mill, 240, the case was assumpsit for money had and received. No bill of particulars was filed with the declaration. For this defect, as he supposed it to be, the presiding Judge, Bay, struck the case from the docket, and the Constitutional Court affirmed his decision. In delivering the judgment, Judge Bay said, “I was in hopes that our rule of court, (the same as the 4th rule already cited,) on this head, would have embraced a case of this kind, but as doubts may arise upon the construction of this rule, I hope and trust, that one will be made to include fully a case of this nature, for *303 money had and received, in all cases, in future ; the principles of justice require it.” These observations show that it was then a strained construction to bring an action for money had and received within the 4th rule ; and, indeed, perhaps that case was decided, independent of the rule.— Be that as it may, the authority of that case settled, that a bill of particulars, in an action for money had and received, must accompany the declaration. In England, the rule of the King’s Bench, Trim T. 1, W. 4, requires the plaintiff, in indebitatus assumpsit, or debt on simple contract, to deliver, with his declaration, full particulars of his demand, 3 C. G. P.; 613. This is perfectly analagous to our practice, as settled by Smyth vs. Lehre. The omission to comply with this rule in England, would constitute an irregularity, and the Judge might refuse to try the cause; and if we were free, in all respects, to choose as to our course of practice, I should, I confess, prefer the English practice. But I think we are not. We have to choose between striking the case from the docket, or to consider the omission as cause of special demurrer. The former has the sanction of the case from Const. Reports. The latter has that of two later adjudications. Before I refer to them, I will for a moment look to the case of Davis vs. Hunt, 2 Bail. In that case, the question was, whether the proof corresponded with the particulars. Harper, J., said, and said truly, in reference to that question, “ the bill of particulars was not a part of the declaration.” That is, it was not one of the allegata, which must be proved, as laid.— But he did not intend to say, that the entire omission to file •it, might not, in some way, be setup as an objection to the regularity of the plaintiif’s proceedings.
In Long vs. Kinard, Harp. 47, (decided Nov. 1823), Judge Johnson, speaking of the omission to file a bill of particulars, in an action of indebitatus assumpsit, said that the objection came too late, after plea; “ the defendant could only take advantage of it by special demurrer.” In this ruling, the whole court, consisting of Nott, Richardson, Huger, Colcock and Gantt, concurred. It is true, that the observation that “ the defendant could only take advantage of it by special demurrer,” was an obiter dictum, yet it went out to the bar, under the sanction of an eminent Judge, and *304 unqualified by his brethren-; and it has, for nearly twenty years, remained uncontradicted. Under such circumstances, I should be disposed to say, it might settle a mere point of practice. But it has the support of another and a later case, decided, May, 1828. In Bailey vs. Wilson, and The same vs. Patton, 1 Bail. 15; the 35th rule of court, which requires that “in all actions within the summary process jurisdiction of this court, a copy of the deed, note, open account, or other writing, on which the action may be founded, shall be endorsed on, or annexed to both the copy process and the original,” came to be considered. No copy of the cause of action, (a judgment,) was endorsed on, or annexed to the original, or copy process. A motion was made on the circuit, to quash the process for this defect; it was overruled, and renewed in the Court of Appeals.— Speaking of it, Judge Johnson said, “the omission is, I think, analagous to the want of a bill of particulars to a declaration, and in that form, the defendant was not bound to plead to it, bat might have demurred, or, as in this case, moved to quash the proceedings, (Bac. Abr. Abatement H.,) and that motion is now granted, in the case first in order.” I think this is something more than an obiter dictum. Unless the omission of the bill of particulars was good cause of demurrer, general or special, it would have constituted no cause why the proceedings in Sum. Pro. should have been set aside, or quashed. This makes the decision an authoritative judgment on the point before us. The cases of Long vs. Kinard, and Bailey vs. Wilson, being subsequent in point of time, to the case of Smith vs. Lehre, and placing the objection in a more formal way, and apprising the party, plaintiff, of it earlier, we prefer to adopt the practice, pointed out in them.
The motion to set aside the verdict, and reverse the decision below, on the demurrer, is granted, but the plaintiffs have leave, on payment of the costs of demurrer, to file, with their declaration, a bill of particulars, and to post the usual rule to compel the defendant to plead.
Richardson, and Evans, JJ., concurred.
Wardlaw, J.
I think, that the want of a bill of particulars, was an irregularity which might have authorized *305 the defendant’s refusal to plead; but the bill of particulars is no part of the declaration, and to the want of it, a special demurrer will not lie.